# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2022-0544, <u>Appeal of Peter Southworth</u>, the court on January 30, 2024, issued the following order:

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve this case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The claimant, Peter Southworth, appeals an order of the New Hampshire Compensation Appeals Board (CAB) denying his claim for workers' compensation benefits. We vacate and remand.

The record includes the following facts. The claimant was hired by Proctor Academy as an English teacher in 1985. In September 2015, he was a faculty supervisor for a multi-day school camping trip into the White Mountains. On or about September 4, during the trip, either "an insect bite or a slip with a cut leg occurred," resulting in a small area at the back of his right thigh that, after his return from the camping trip, appeared to be inflamed or cut. On September 28, Dr. Richer, the claimant's primary care physician, treated the claimant for a skin infection by opening and cleaning his wound on his right thigh. On September 29, Dr. Bears saw the claimant for further treatment – lab cultures collected from his right thigh lesion confirmed the presence of Methicillin Resistant Staph Aureus (MRSA). Thereafter, despite treatment, the claimant's condition worsened. In October, the claimant collapsed and went into a coma and was hospitalized at Dartmouth Hitchcock Hospital for about a month. There he underwent several surgeries to drain a MRSA epidural abscess that extended from his cervical spine to his lumbar area.

The record includes a report from Dr. Richer explaining that while the claimant was at Dartmouth Hitchcock, "an epidural abscess was found. According to the discharge summary, this was also a methicillin-resistant Staph aureus infection. It seems more probable than not that the source of the epidural infection was from the initial skin infection of Mr. Southworth's leg just a few weeks prior."

The claimant's claims for workers' compensation benefits were initially denied by Proctor Academy's insurance carrier, MEMIC Indemnity Company. The claimant requested a hearing before the Department of Labor. The Department ruled that the claimant was entitled to benefits. The insurer appealed to the CAB. Following a hearing, the CAB stated:

> The lay witnesses in this case have supported the general possibility of the infection arising from various general sources (DHHS and OSHA

documents).  A brief summary of Claimant's closing argument is the allegation that because the general sources of MRSA are generally present at the boarding school and because Claimant lives near and attends activities at the boarding school, therefore the conclusion must be that the school exposure must be work-related.  The Panel finds no medical expert that takes those general possibilities, with the facts from Claimant, and finds medical causation by a preponderance of the evidence.

The CAB concluded that the claimant "has not met his burden under RSA 281-A:2, by a preponderance of the evidence that his regular job duties put him in the position of and in fact did contract a work infection from MRSA on or about 9/4/2015."

On appeal to this court, the claimant argues, <u>inter alia</u>, that the CAB "erred when it concluded that [he] failed to demonstrate as a matter of law that his MRSA injury was caused by his employment, thereby erroneously denying his claim."

We begin by noting that the CAB stated that it "clearly understood that an insect bite or a slip with a cut leg occurred on [the claimant's] camping/hiking trip with students in the White Mountains.  Clearly this was a work-related activity."  (Bolding omitted.)[1]  The CAB further ruled, however, that the claimant failed to prove that he "in fact did contract a work infection from MRSA on or about 9/4/2015."  As the insurance carrier explains in its brief, the CAB discounted Dr. Richer's opinion because "Dr. Richer does not opine that [the claimant] <u>actually contracted</u> MRSA at work."  (Emphasis added.)  Similarly, the carrier notes that its retained medical expert, Dr. Crossley, opined that MRSA

> is often community acquired (i.e. not acquired in a hospital or healthcare facility) . . . .  It is impossible to determine – or even to speculate about – the relationship of acquisition of this organism to his employment. . . . There is no way to sort this out and there is no medical literature to help in predicting whether family or workplace would be the more likely source of the organism.

The carrier states that the CAB "ultimately accepted Dr. Crossley's medical opinion addressing whether [the claimant's] MRSA was <u>contracted at work</u> in its decision."  (Emphasis added.)

It is well-established that an employer remains liable for subsequent injuries that are the "direct and natural result" of a prior, work-related injury.

---

[1] We further note that counsel for MEMIC stated at oral argument that it is undisputed that the claimant suffered a leg wound or insect bite that was work-related.

See Appeal of Pelmac Indus., 174 N.H. 528, 541 (2021); see also Petition of Croteau, 139 N.H. 534, 539 (1995) (impairment is compensable if it is the direct and natural result of a compensable primary injury); 1 Lex K. Larson & Thomas A. Robinson, Larson's Workers' Compensation Law § 10.01 (LexisNexis 2021) ("all the medical consequences and sequel[ae] that flow from the primary injury are compensable"). Thus, it was not necessarily the claimant's burden to prove that he "actually contracted MRSA at work," as contended by the carrier. It being undisputed that the claimant suffered a work-related injury to his thigh, it remains to be determined whether the MRSA infection was a direct and natural result of that injury. Thus, it is not dispositive that Dr. Richer did not opine that the claimant actually contracted MRSA at work, or that Dr. Crossley opined that one cannot determine whether family or workplace was the more likely source of the MRSA organism.

Our conclusion is consistent with rulings elsewhere. In Aqua Leisure Pools, Spas & Patios, Inc. v. Greene, No. 0620-20-2, 2020 WL 6478230 at *1 (Va. Ct. App. Nov. 4, 2020) (unpublished opinion), Greene was working for Aqua Leisure as a pool liner installer. While at work, he was bitten by a dog. Greene, 2020 WL 6478230 at *1. The bite wound on his ankle eventually developed MRSA. Id. at *2. In determining whether Greene was entitled to workers' compensation benefits, the court applied the "compensable consequences doctrine," which permits recovery for "all the medical consequences and sequelae that flow from the primary injury, so long as a direct, causal link connects the primary compensable injury with the additional injury for which the claimant seeks compensation." Id. at *5. Thus, compensation would be warranted if the MRSA infection was causally linked to the dog bite. See id.; cf. Cole v. United Parcel Serv., No. COA14-17, 2014 WL 4292054 at *6 (N.C. Ct. App. Sept. 2, 2014) (unpublished disposition) (where injury to employee's back from lifting a dolly predisposed employee to getting an infection in that area, the infection was a direct and natural result of the physical injury); West v. McBane-Brown, Inc., No. COA03-15, 2004 WL 192993 at *5 (N.C. Ct. App. Feb. 3, 2004) (unpublished disposition) (where employee scraped elbow at work, allowing staph infection to enter his body and spread to his knee, staph infection was "a natural and unavoidable consequence" of the scraped elbow injury); Wilkins v. Piramal Glass USA, Inc., 540 S.W.3d 891, 898 (Mo. Ct. App. 2018) (where claimant suffered work-related calf muscle tear, treatment for subsequent staph infection that "flowed from Claimant's compensable injury" was compensable).

In Streit v. Streit Construction, Inc., No. 19-0615, 2020 WL 6482729 (Iowa Ct. App. Nov. 4, 2020) (unpublished opinion), the employee alleged that he suffered cuts and scrapes while doing construction work, which resulted in contracting a MRSA infection. Streit, 2020 WL 6482729 at *1. His claim for workers' compensation benefits was denied by a commissioner because there was no evidence that he "came in contact with MRSA at work." Id. at *2. On appeal, however, the court reversed, explaining: "Finding that the MRSA

exposure did not occur at the job site, we still have no conclusive answer from the commissioner about whether [the employee] proved that the cuts and scrapes occurred at the worksite as a work injury and whether the MRSA is a sequela of that work injury." Id. at *3. Accordingly, the case was reversed and remanded for a determination as to whether the employee proved that he "suffered cuts or scrapes at work" and whether "the MRSA infection is a sequela of cuts or scrapes he suffered at work." Id.

We reach a similar conclusion here. We vacate the CAB's decision, and remand for further proceedings, including consideration of whether the MRSA infection and medical consequences were the direct and natural result of the claimant's work-related injury to his leg.

Vacated and remanded.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**